17-1604
*Orellana-Molina v. Barr*

BIA
Straus, IJ
A200 001 007

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand nineteen.

PRESENT:
    REENA RAGGI,
    PETER W. HALL,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

FRANCISCO JAVIER ORELLANA-MOLINA,
        *Petitioner,*

    v.                                          17-1604
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Saad Ahmad, Fremont, CA.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Anthony P.
                       Nicastro, Assistant Director;
                       Sheri R. Glaser, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Francisco Javier Orellana-Molina, a native and citizen of Honduras, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") denial of Orellana-Molina's motion for reconsideration of an earlier IJ decision denying his motion to rescind his *in absentia* removal order and to reopen his removal proceedings. *See In re Francisco Javier Orellana-Molina,* No. A 200 001 007 (B.I.A. Apr. 27, 2017), *aff'g* No. A 200 001 007 (Immig. Ct. Hartford Oct. 21, 2016). Under the circumstances of this case, we review the IJ decision denying reconsideration as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Only the denial of reconsideration is before us, *see Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir. 2001), which we review for abuse of discretion, *see Jin*

2

*Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir. 2006). In so doing, we assume the parties' familiarity with the underlying facts and procedural history in this case.

A motion to reconsider must "specify the errors of law or fact" in the prior decision. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.23(b)(2); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d at 90. We will find an abuse of discretion "only in those limited circumstances where the BIA's decision (1) provides no rational explanation, (2) inexplicably departs from established policies, (3) is devoid of any reasoning, or (4) contains only summary or conclusory statements." *Maghradze v. Gonzales*, 462 F.3d 150, 152 (2d Cir. 2006) (internal quotation marks omitted). We find no such abuse of discretion here.

In relevant part, Orellana-Molina moved to rescind his removal order, which was entered *in absentia* in 2007 after he twice failed to appear for hearings. He alleged that he did not receive notice. Although a motion to rescind for lack of notice may be filed at any time, Orellana-Molina had the burden to show that he did not receive notice. *See* 8 U.S.C.

3

§ 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii). A removal order may be entered *in absentia* if written notice of the hearing was sent to the alien's most recent address. *See* 8 U.S.C. §§ 1229(a)(1)(F), 1229a(b)(5)(A). An alien is deemed to have constructive notice and, thus, to be ineligible for rescission of an *in absentia* removal order, if he "thwarted delivery by relocating and failing to provide a change of address." *Maghradze v. Gonzales*, 462 F.3d at 154.

In his motion for reconsideration, Orellana-Molina asserted that the hearing notice was sent to an incorrect address, such that there was no basis to conclude that he thwarted its delivery. He pointed out that the Form I-213 listed a correct New Haven address, but the notices were sent to a different street address and zip code in New Haven. The facts are more complicated. The notices were sent to the New Haven address Orellana-Molina himself provided at the time he requested a change of venue to Connecticut, and he was personally served with the order transferring venue, which listed the allegedly incorrect address. As Orellana-Molina conceded, he never moved to Connecticut. In these

4

circumstances, where notice was sent to the address of record, Orellana-Molina is deemed to have constructive notice of his hearing. *See id.* It was Orellana-Molina's own failure to provide the agency with a correct and current address that caused the notice to be undeliverable. Absent any error in this finding, which Orellana-Molina has not shown here, the agency did not abuse its discretion by denying reconsideration. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.23(b)(2); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d at 90.

Moreover, because Orellana-Molina was advised of the change of address requirement and concedes that he did not live at the address he himself provided, he cannot demonstrate any due process violations. *Cf. Peralta-Cabrera v. Gonzales*, 501 F.3d 837, 843-46 (7th Cir. 2007)(remanding to BIA for lack of proper service where government improperly addressed petitioner's hearing notice and petitioner did not make himself "unreachable" because he was living at correct address); *Romero-Morales v. INS*, 25 F.3d 125, 130-31 (2d Cir. 1994) (granting petition and cautioning against "blind

5

application" of *in absentia* deportation without "close examination" of facts of case where IJ issued order despite knowing about pending motion for change of venue and asylum application).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court